KNOBB, RESPONDENT, *v.* REED ET AL., APPELLANTS.

(No. 1,534.)

(Submitted April 10, 1903.    Decided April 27, 1903.)

### *Appeal—Briefs—Rules of Supreme Court.*

1.  Under Supreme Court Rule X, Subdivisions 4 and 5, in the absence of consent by his adversary or an order of the court based upon a sufficient showing of some reason why the rule should be relaxed, counsel for respondent (when in default under the rule) may not file a brief or appear and argue orally the questions presented by the appeal, unless by express request of the court,—and a brief filed in violation of the rule will be stricken from the files.
2.  Under Supreme Court Rule X, Section 3, an appellant's brief referring to the complaint, with citation of page and marginal number, but to no other matter which would aid the court in examining the points in controversy, is not a compliance with the rule, and necessitates an affirmanace of the judgment.

*Appeal from District Court, Lewis and Clarke County; S. H. McIntire, Judge.*

ACTION by Eli Knobb against William Reed and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal.    Affirmed.

*Messrs. Stranahan & Stranahan,* for Appellants.

*Mr. R. R. Purcell,* and *Mr. T. J. Walsh,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

From the imperfect statement contained in appellants' brief this action appears to be one in conversion, by which the plaintiff seeks to recover from the defendants the value of certain mares and a stallion, together with one-half of their increase during the years from 1891 to 1898, inclusive.    It appears that the animals were taken charge of by the defendants in 1891, at the request of one Seymour, their owner, under an agreement

that they were to be bred and cared for by the defendants, the latter being allowed to retain one-half of the increase as their compensation.   Thereafter the plaintiff became the owner by purchase of the interest of Seymour.   In August, 1898, the plaintiff demanded from the defendants a delivery of the property to himself under the terms of the arrangement made by Seymour.   This the defendants refused, asserting title in themselves.   Upon a trial, verdict and judgment were for plaintiff.   These appeals are from the judgment and an order denying a new trial.

1.   The transcript was filed in this court on March 19, 1900.   Appellants' brief was filed on May 18, 1900.   The respondent made no appearance, nor did he file his brief until March 21, 1903, a few days before the hearing.   This was done without the consent of counsel for appellants.   At the hearing counsel for respondent appeared, and, though objection was made, requested the court that he might be heard.   The request was denied, there being no offer to show why the brief had not been filed in conformity with the rule.

Subdivision 4 of Rule X provides that counsel for respondent shall file with the clerk of this court seven copies of his brief, and serve a copy upon counsel for appellant within thirty days after appellant's brief shall have been served upon him.   Subdivision 5 provides that, when respondent is in default under this rule, he shall not be heard except upon consent of his adversary or by request of the court.   In the absence of consent by his adversary, or an order of the court based upon a showing by affidavit or otherwise of some reason why the rule should be relaxed, counsel may not file a brief, or appear and argue orally the questions presented by the appeal, unless by express request of the court.   The rule was promulgated for the purpose of requiring counsel to prepare their cases for hearing in ample time before they are set for that purpose, and also to insure ample notice to opposing counsel of the points upon which it is intended to rely.   The fact that the calendar of cases pending in this court is in arrears at the present time makes no difference

in the application of the rule, for, if obedience to it were not enforced, the result would be much confusion and misunderstanding between counsel and the court touching the orderly submission and determination of causes. This cause was set for hearing on April 10th. by an order entered on March 7th. The brief was filed fourteen days after the order was made. Under like circumstances in many cases the appellant would be deprived of the opportunity to prepare and file a reply brief, or else the submission of the cause would be delayed in order to furnish such opportunity, the only reason therefor being that the respondent had neglected the plain requirements of the rule. For good reasons made to appear, the rule may be relaxed; but, when no such reason is made to appear, the penalty must be exacted. The brief of the respondent is therefore ordered stricken from the files.

2. But, notwithstanding respondent is in default and cannot have his brief considered, the merits of these appeals cannot be examined, because appellants' brief wholly fails to comply with the requirements of Subdivision *a* of Section 3 of Rule X. The statement or abstract required by the rule contains no references to the transcript in such a way that the pleadings, evidence, orders, and judgment may be readily found. It contains reference to the complaint, with citation of page and marginal number, but to no other matter which would aid the court in examining the points in controversy. Under the rulings heretofore made in many cases, the judgment and order must be affirmed. It is so ordered.

*Affirmed*.